

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,546

**EX PARTE TIMOTHY RICHARDSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W02-72346-P IN THE 203RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to fifteen years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Counsel has since been disbarred by the State Bar of Texas due to "dishonesty, fraud, deceit, or misrepresentation" in a different criminal case.

The trial court has determined that trial counsel failed to timely file a notice of appeal and

recommends that this Court grant relief. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. W02-72346-P from the 203rd Judicial District Court of Dallas County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claim is dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: May 11, 2011
Do Not Publish